# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN, | CASE NO. 1:07-cv-00902-AWI-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, AS TIME BARRED |
| v. | |
| DERRAL G. ADAMS, et al., | (Doc. 1) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |
| _____/ | |

### Findings and Recommendations Following Screening of Amended Complaint

### I.     Procedural History

Plaintiff Charles Chatman ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on May 31, 2007, in the Northern District of California.  The action was transferred to this district by order filed June 19, 2007, and Plaintiff filed an amended complaint as a matter of right on July 10, 2007. Fed. R. Civ. P. 15(a).  The claims at issue in this action accrued in 2001.  In his amended complaint, Plaintiff sets forth the reasons the action is not barred by the statute of limitation.  The Court is unpersuaded and for the reasons set forth herein, recommends dismissal of this action, with prejudice, on the ground that the claims are time barred.

### II.     Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

3  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

4  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

5  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

6  **II.    Statute of Limitation**

7      Plaintiff is currently housed at High Desert State Prison in Susanville.  The events at issue

8  in this action allegedly occurred at California State Prison-Corcoran.  Plaintiff arrived at Corcoran

9  in March of 2001 and was transferred to Salinas Valley State Prison in July of 2001.  Plaintiff's

10  claims arise from an incident in which an allegedly fabricated charge of battery on a peace officer

11  with a weapon was made against Plaintiff and from Plaintiff's subsequent adverse transfer to Salinas

12  Valley in July 2001.  Plaintiff alleges that the charge was fabricated in order to retaliate against him

13  for filing grievances and complaints against staff for not wearing hairnets and gloves while serving

14  food, for using paper trays regularly, and for minimizing portions and eating the food.  Plaintiff also

15  alleges that his personal property was destroyed in June of 2001, when a sprinkler in his cell

16  malfunctioned.

17      Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when

18  the plaintiff knows or has reason to know of the injury which is the basis of the action."  Maldonado

19  v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999).

20  Because section 1983 contains no specific statute of limitation, federal courts should apply the forum

21  state's statute of limitation for personal injury actions.  Jones v. Blanas, 393 F.3d 918, 927 (2004);

22  Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914.  Although California's statute of limitation for

23  personal injury actions was extended from one year to two years effective January 1, 2003, the two-

24  year statute of limitation does not apply retroactively to claims that accrued prior to January 1, 2003,

25  and as a result, the one-year statute of limitation applies in this case.  Cal. Civ. Proc. Code § 335.1

26  (West 2007); Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

27      In actions where the federal court borrows the state statute of limitation, the Court should

28  also borrow all applicable provisions for tolling the limitation period found in state law.  Jones, 393

1    F.3d at 927.  Under California law, prisoners who at the time the cause of action accrued were either

2    imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction

3    enjoy a two-year tolling provision for damages actions.  Cal. Civ. Proc. Code § 352.1 (West 2007).

4    Thus, Plaintiff had three years from the date of the incidents complained of within which to file suit.

5          Plaintiff asserts that he was in the process of pursuing this action before the court when he

6    was "struck out" pursuant to 28 U.S.C. § 1915(g) by the Northern District in case number 3:03-cv-

7    02820-MMC and therefore unable to proceed at that time because he did not meet the imminent

8    danger exception.[1]  Plaintiff appealed and the Ninth Circuit vacated the dismissal.  The Northern

9    District then reversed its finding on October 16, 2006, which Plaintiff contends allowed him to begin

10   pursuit of this action.

11         Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under

12   this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

13   facility, brought an action or appeal in a court of the United States that was dismissed on the grounds

14   that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

15   prisoner is under imminent danger of serious physical injury."  Being subject to this section, which

16   precludes proceeding without paying the filing fee in full, does not toll the statute of limitation.

17         The Court notes that Plaintiff's contention that he felt unable to file suit is called into doubt

18   by court records.  Plaintiff filed his suit in the Northern District on June 16, 2003, but was not found

19   by the court to be ineligible to proceed in forma pauperis until January 16, 2004.  Meanwhile,

20   Plaintiff filed two other civil suits in this district on November 20, 2003, and was allowed leave to

21   proceed in forma pauperis in both.[2]  Regardless, a perceived inability to pursue a lawsuit without

22   payment of the filing fee in full is not ground for relief from the statute of limitation.

23   ///

24   ///

25   _____

26   [1] The Northern District case, which is open and pending, involves claims similar to those raised in this
     action but which accrued after Plaintiff's transfer to Salinas Valley in 2001.  (Doc. 28, case number 03-3830.)  The
27   case does not involve the same claims raised in this action.  (Id.)

28   [2] Case numbers 1:03-cv-06636-AWI-SMS PC Chatman v. Tyner, et al., and 2:03-cv-02415-RRB-KJM
     Chatman v. Felker, et al., both of which are still open cases.

**III.    Conclusion and Recommendation**

The claims at issue in this action accrued in 2001.  The applicability of section 1915(g) to Plaintiff from January 16, 2004 to September 2, 2005, by the Northern District of California did not have the effect of tolling the statute of limitation.  Plaintiff's claims are time barred and the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    April 16, 2008**                          **/s/ Sandra M. Snyder**
                                                UNITED STATES MAGISTRATE JUDGE